IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| MARY RUSHING as the Administrator | ) | No. 31055-8-III |
| And on Behalf of the Estate of ROBERT | ) | |
| COON, and MARY RUSHING, | ) | |
| Individually, | ) | |
| | ) | |
| Respondent, | ) | |
| | ) | UNPUBLISHED OPINION |
| v. | ) | |
| | ) | |
| FRANKLIN HILLS HEALTH & | ) | |
| REHABILITATION, | ) | |
| | ) | |
| Appellant. | ) | |

KULIK, J. — The question here is whether the parties should be compelled to arbitrate their dispute. The trial court refused to order arbitration. We reverse and remand for a hearing to address whether the arbitration agreement is enforceable.

## FACTS

Robert Coon, a 63-year-old former attorney with a history of mental illness, voluntarily admitted himself to Franklin Hills Health and Rehabilitation Center after he fell and injured himself. During the admission process, Mr. Coon allegedly signed an alternative dispute resolution (ADR) agreement with Franklin Hills. The ADR applied to

any and all disputes arising out of or relating to the resident's stay at the center, including tort, breach of contract, fraud, negligence, wrongful death, departure from any applicable consumer or safety standards, and a variety of other causes of action. The agreement stated that the "intent of the Parties" was that the agreement "shall inure to the benefit of, bind, and survive the Parties, their heirs, successors, and assigns." Clerk's Papers (CP) at 45.

Two months later, Mr. Coon died. Mary Rushing, Mr. Coon's daughter, brought a wrongful death action against Franklin Hills in her individual capacity and as the administrator of Mr. Coon's estate. The suit alleged negligence by the nursing staff; failure of Franklin Hills to properly train, instruct, and supervise its employees; and violations by Franklin Hills of the vulnerable adult statute.

Franklin Hills moved to compel arbitration of all Ms. Rushing's claims and produced a copy of the signed arbitration agreement. Ms. Rushing opposed the motion, contending that the arbitration agreement could not be enforced because the signature on the agreement was not that of Mr. Coon and because Mr. Coon did not have the mental capacity to enter into the agreement. As evidence, Ms. Rushing submitted Mr. Coon's power of attorney, the petition to extend Mr. Coon's LRA (least restrictive alternative), Mr. Coon's mental health evaluation, an affidavit of Ms. Rushing, the ADR agreement,

and Mr. Coon's mental health authorization to release medical information. Ms. Rushing filed an additional affidavit that addressed Mr. Coon's mental state while he was in Eastern State Hospital and what he would have been capable of understanding when he entered Franklin Hills.

In reply, Franklin Hills asserted that Mr. Coon signed the agreement and was not incapacitated at the time of signing. Franklin Hills filed declarations from six Franklin Hills' staff members who interacted with and evaluated Mr. Coon and their accompanying records and notes. Franklin Hills also filed declarations from a medical doctor and a doctor of clinical psychology who both reviewed Mr. Coon's medical records and concluded that Mr. Coon had a reasonable mental capacity for decision making at the time of admission to Franklin Hills.

At the hearing, the trial court declined to make a finding on whether the arbitration agreement was binding or enforceable. It was concerned about the potential facts that may not be in the record. As a result, the court denied the motion to stay and the motion to compel arbitration. The court said that it did not intend to strike the arbitration agreement, but advised the parties that the issue may be raised again in the same format or through a request for an evidentiary hearing. Specifically, the court stated:

No. 31055-8-III
*Rushing v. Franklin Hills Health & Rehab.*

[THE COURT:] Therefore, what ultimately I am doing here is I am going to—I'm denying today the motion to stay. I'm denying that based on the fact that I haven't made a finding as to whether or not the agreement is binding and enforceable or in existence because I do not believe I can do so based on the record provided. That doesn't mean I won't come back in the same format or through a request for evidentiary hearing but I think in either event that it's going to be necessary for me to have the comfort I need to go further with this decision.

Any questions?

[MS. RUSHING]: Just so I understand, Your Honor, you're not clear on either issue, whether it's his signature or the mental competency?

THE COURT: That's true, I have questions on each. No findings one way or the other.

Report of Proceedings (RP) at 31-32.

The trial court did not order an evidentiary hearing. When asked for direction on the scope of discovery, the court's answer was vague:

[FRANKLIN HILLS]: . . . I think we're going to need direction from the Court because we would object to all kinds of discovery that don't go to these issues. That's the very purpose for having an arbitration agreement is to not do certain types of discovery and to move the case forward. So I think we're going to need some direction by the Court or perhaps maybe some suggestions or agreements as to what we could do.

On the other hand, Your Honor, I would think by law we could note this up for [an] evidentiary hearing.

THE COURT: You could do that and that would be fine. In terms of direction from the Court, I don't know exactly what you are asking the Court to give. If in fact the parties enter into some discovery or some process that one or the other thinks is inappropriate, the only way to address that for direction would be to understand each party's position on what direction it should go. But to tell you today which direction to go I think is presumptive. Maybe I'm missing both but you got a denial on your motion so it's not stayed and it's not being compelled. That's kind of where you're

4

left and I think your direction now is your basic lawyering instincts on what tactical approach is best suited for your client's best interest. That's vague; I know it.

RP at 32-33. The trial court did not limit the scope of discovery to the issues of whether or not Mr. Coon signed the agreement or was competent. The trial court stated that it was not in a position to put limits on the discovery because it needed to know more about the merits of the argument. The court suggested that the parties come up with their own discovery agreement that the court would resolve any arguments or other issues that arise.

Franklin Hills appeals the denial of its motion to compel arbitration. It contends that the trial court erred in denying the motion because Ms. Rushing failed to establish by clear, cogent, and convincing evidence that Mr. Coon was incapacitated at the time he signed the ADR agreement, or that the signature on the agreement did not belong to Mr. Coon. Franklin Hills also contends that Ms. Rushing is required to arbitrate her individual cause of action according to the terms of the arbitration agreement signed by Mr. Coon.

## ANALYSIS

We give de novo review to a trial court's decision to compel or deny arbitration. *Satomi Owners Ass'n v. Satomi, LLC*, 167 Wn.2d 781, 797, 225 P.3d 213 (2009). "The party opposing arbitration bears the burden of showing that the agreement is not

enforceable." *Zuver v. Airtouch Commc'ns, Inc.*, 153 Wn.2d 293, 302, 103 P.3d 753 (2004). Washington has a strong public policy favoring arbitration. *Alder v. Fred Lind Manor*, 153 Wn.2d 331, 341 n.4, 103 P.3d 773 (2004). A trial court's decision denying a motion to compel arbitration is immediately appealable. *Hill v. Garda CL Nw., Inc.*, __ Wn.2d __, 308 P.3d 635, 638 (2013).

*Motion to Compel.* Courts determine the threshold matter of whether an arbitration agreement is valid and enforceable. *See McKee v. AT&T Corp.*, 164 Wn.2d 372, 383-84, 191 P.3d 845 (2008). An arbitration agreement "is valid, enforceable, and irrevocable except upon a ground that exists at law or in equity for the revocation of contract." RCW 7.04A.060(1). If a party opposes a motion to compel arbitration, "the court shall proceed summarily to decide the issue. Unless the court finds that there is no enforceable agreement to arbitrate, it shall order the parties to arbitrate. If the court finds that there is no enforceable agreement, it may not order the parties to arbitrate." RCW 7.04A.070(1).

Standard contract defenses can be used to challenge enforceability of an arbitration agreement. *McKee*, 164 Wn.2d at 383. The person seeking to enforce a contract need only prove the existence of a contract and the other party's objective manifestation of intent to be bound. *Retail Clerks Health & Welfare Trust Funds v. Shopland*

*Supermarket, Inc.*, 96 Wn.2d 939, 944, 640 P.2d 1051 (1982). Once a party's objectively manifested intent has been established, the burden then moves to the party seeking to avoid the contract to prove a defense to the contract's enforcement. *Id.*

The signature of a party is evidence of a party's objective intent to be bound. *See id.* The trier of fact has the duty to decide the factual question of whether or not the handwriting in question belongs to the person charged with executing the document. *Mitchell v. Mitchell*, 24 Wn.2d 701, 704, 166 P.2d 938 (1946).

A contract may be invalidated if a person lacks sufficient mental capacity or competence to appreciate the nature and effect of the particular contract at issue. *Page v. Prudential Life Ins. Co. of Am.*, 12 Wn.2d 101, 108-09, 120 P.2d 527 (1942) (quoting 17 C.J.S. *Contracts* § 133, at 479 (1939)). In Washington, a person is presumed competent to enter into an agreement. *Grannum v. Berard*, 70 Wn.2d 304, 307, 422 P.2d 812 (1967). A person challenging the enforcement of an agreement can overcome the presumption by presenting clear, cogent, and convincing evidence that the party signing the contract did not possess sufficient mind or reason at the time he entered into the contract to enable him to comprehend the nature, terms, and effect of the contract. *Id.* "What constitutes clear, cogent, and convincing proof necessarily depends upon the character and extent of the evidence considered, viewed in connection with the

surrounding facts and circumstances." *Bland v. Mentor*, 63 Wn.2d 150, 154, 385 P.2d 727 (1963).

The question of contractual capacity or competence is a question of fact. *Grannum*, 70 Wn.2d at 307. It is the responsibility of the trial court to determine whether the evidence meets the clear, cogent, and convincing standard because the determination requires weighing and evaluating evidence and credibility determinations that are best suited for the trier of fact. *Bland*, 63 Wn.2d at 154. "Thus, the appellate court's role is limited to determining whether substantial evidence supports the trial court's findings of fact." *Endicott v. Saul*, 142 Wn. App. 899, 910, 176 P.3d 560 (2008).

"When disputes exist as to the circumstances surrounding an agreement, we remand to the trial court to make additional findings." *Alder*, 153 Wn.2d at 350. In *Alder*, Mr. Alder sought to void an arbitration agreement for procedural unconscionability, claiming that he lacked meaningful choice in entering the contract and that he did not have a reasonable opportunity to understand the terms of the contract because of his limited ability to comprehend the English language. *Id.* at 348-49. The Washington Supreme Court determined that the circumstances suggested that Fred Lind Manor provided Mr. Alder with a reasonable opportunity to understand the terms of the agreement. *Id.* at 350-51. However, because both parties offered different facts

pertaining to the manner in which the contract was entered into, the Supreme Court determined that it could not make a determination of procedural unconscionability without further factual findings. *Id.* The court remanded the case for the entry of additional findings. *Id.*

Here, we cannot review the trial court's denial of the motion to compel without a decision on enforceability of the arbitration agreement. Two reasons support this conclusion. First, under RCW 7.04A.070, the trial court was required to determine whether the agreement was enforceable before denying a motion to compel arbitration. The trial court expressly stated that it did not know whether the agreement was enforceable. Without such a determination, the trial court could not deny the motion to compel. Remand is necessary for the court to make the appropriate determination regarding enforceability of the arbitration agreement.

Second, much like *Alder*, unresolved factual disputes must be decided by the trial court before we can engage in review. The enforceability of the arbitration agreement depends on whether Mr. Coon was competent when he entered into the agreement and whether he signed the agreement. These are both questions of fact to be determined by the trial court. The trial court has the task of weighing the evidence and credibility of the witnesses to determine if Mr. Coon had the mental capacity to contract. Only after such

9

factual findings are made can this court give de novo review to the trial court's decision on Franklin Hills' motion to compel arbitration.[1]

On remand, discovery must be limited to the issues surrounding the validity of the arbitration agreement. "If a party files a motion with the court to order arbitration under this section, the court shall on just terms stay any judicial proceeding that involves a claim alleged to be subject to the arbitration until the court renders a final decision under this section." RCW 7.04A.070(5). The threshold question of arbitrability must be resolved without inquiry into the merits of the dispute. *Heights at Issaquah Ridge Owners Ass'n v. Burton Landscape Grp., Inc.*, 148 Wn. App. 400, 403, 200 P.3d 254 (2009).

However, a full evidentiary hearing may not be required. Whether an agreement is enforceable is to be summarily decided by the trial court. RCW 7.04A.070(1). The trial court may decide the issue of enforceability if the affidavits and evidence in the record are sufficient to summarily make a determination. If needed, the trial court should allow the parties to produce additional evidence regarding the enforceability of the arbitration agreement. *See Alder*, 153 Wn.2d at 353-54 (where the court set forth the procedure on remand for the introduction of evidence regarding costs of arbitration).

---

[1] *But see Weiss v. Lonnquist*, 153 Wn. App. 502, 513 n.8, 224 P.3d 787 (2009) (the appellate court determined that the absence of findings and conclusions was of no consequence because the trial court did not receive testimony in relation to the motion).

Findings are needed in order to review the trial court's reasoning in denying the motion to compel. The matter must be remanded for the trial court to determine whether the arbitration agreement is enforceable. Discovery must be limited to the issues surrounding the validity of the arbitration agreement.

The parties also dispute whether the declarations of Franklin Hills' employees are inadmissible under the deadman's statute, RCW 5.60.030, and whether Mr. Coon's power of attorney precluded him from contracting with Franklin Hills. These issues were argued at the motion hearing but not decided by the trial court. The issues may be raised again on remand.

*Individual Claims.* Franklin Hills contends that Ms. Rushing's individual claims are subject to arbitration even though she did not sign the agreement because Ms. Rushing's claims arise out of the admission contract, which therefore binds her to all of its terms, including the arbitration agreement. The arbitration agreement expressly provides that it applies to all disputes that arise out of the agreement or the resident's stay at the center, and that heirs of the parties were bound by the agreement.

Generally, a nonsignatory party is not subject to an arbitration agreement signed by another. *Satomi Owners Ass'n*, 167 Wn.2d at 810. "'[A]rbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not

11

agreed so to submit.'" *Id.* (internal quotation marks omitted) (quoting *Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79, 83, 123 S. Ct. 588, 154 L. Ed. 2d 491 (2002)). However as an exception, equitable estoppel "'precludes a party from claiming the benefits from a contract while simultaneously attempting to avoid the burdens that contract imposes.'" *Townsend v. Quadrant Corp.*, 173 Wn.2d 451, 461, 268 P.3d 917 (2012) (internal quotation marks omitted) (quoting *Mundi v. Union Sec. Life Ins. Co.*, 555 F.3d 1042, 1045-46 (9th Cir. 2009)); *see also Townsend*, 173 Wn.2d at 464 (Stephens, J., concurring/dissenting).

Again, the trial court did not make a decision on whether Ms. Rushing was bound by the arbitration agreement. Also, it is possible that this issue is irrelevant if the trial court determines that the arbitration agreement is not enforceable because Mr. Coon did not have the capacity to enter into the agreement. Therefore, even though Ms. Rushing's obligation to arbitrate is an issue of law, remand is necessary for a resolution of the underlying factual issues that may affect this court's decision.

*Attorney Fees.* Franklin Hills requests attorney fees on appeal as the prevailing party. Neither party prevailed. Thus, we decline an award of attorney fees.

No. 31055-8-III
*Rushing v. Franklin Hills Health & Rehab.*

We reverse and remand for a hearing to address whether the arbitration agreement is enforceable.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Kulik, J.

WE CONCUR:

_____        _____
Brown, J.                                                        Fearing, J.

13