IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| TIEN THACH, M.D., | ) | No. 78669-5-I |
| | ) | |
| Respondent, | ) | DIVISION ONE |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| MATRIX ANESTHESIA P.S., a | ) | |
| Washington corporation, M. SEAN | ) | |
| KINKAID, M.D., in individual person, | ) | |
| JOHN COSTELLO, M.D., an individual | ) | |
| person, JOHN DOES I-XX, individual | ) | |
| persons. | ) | |
| | ) | |
| Appellants. | ) | |
| | ) | FILED: August 19, 2019 |

HAZELRIGG-HERNANDEZ, J. — Parties may agree to submit disputes regarding the scope of an arbitration provision to arbitration. Dr. Tien Thach entered into an employment agreement with Matrix Anesthesia that contained such a provision. After Matrix terminated Dr. Thach, she sued, alleging that her termination related to her actions as a corporate shareholder rather than an employee. The trial court denied Matrix's motion to compel arbitration. Because the employment agreement assigns disputes regarding the scope of the arbitration agreement to the arbitrator, we reverse and remand for an order to compel arbitration.

FACTS

Dr. Thien Thach signed an employment agreement with Matrix Anesthesia, P.S., in 2010. After working with them for more than three years, she was approved for shareholder status. She signed a second employment agreement in 2014. Each employment agreement contained an arbitration provision with the following language:

> Arbitration. Any issue, dispute, controversy or claim arising out of or relating to this Agreement or the breach thereof shall be resolved by arbitration and, except as may otherwise be provided herein, the arbitration shall be submitted to the Seattle office of the Judicial Arbitration and Mediation Service (JAMS). The parties hereto expressly waive any right to file a lawsuit in any court involving the same issue, dispute, controversy or claim until 30 days after the arbitration award has been issued. The arbitration shall be governed by the Washington Rules of Evidence and RCW 7.04. Any dispute as to whether any issue is to be resolved by arbitration shall be submitted as part of the arbitration proceeding.

After she became a shareholder, she became a divisional compliance officer and board treasurer.

Thach voiced concerns regarding corporate practices that she believed violated the federal anti-kickback statute. In response, Thach encountered hostility from the corporate board. Thach resigned as treasurer, board member, and division compliance officer. She was fired soon after.

Thach sued Matrix for violation of her shareholder rights, arguing that her shareholder status was not terminated in accord with the bylaws. The relevant clause in the bylaws reads:

> Termination of Shareholder's Employment. The employment of a person who is a Shareholder may be terminated by the Corporation only if (i) he or she is terminated for "cause" as that term is defined

in his or her Employment Agreement, (ii) the termination is recommended by 66 2/3% of the shareholders of the Division in which the person works, and the termination is approved by a majority of all Directors, or (iii) the termination is recommended by a majority of the Quality Assurance Committee, and approved by sixty percent (60%) of all Directors.

Matrix moved to compel arbitration under the employment agreements. The trial court denied the motion to compel arbitration, holding that Thach's claims were outside the scope of the arbitration provision and that the employment agreements were procedurally unconscionable. Matrix appeals that order.

## DISCUSSION

I.    The 2014 employment agreement contains a valid agreement to arbitrate disputes arising out of or related to that agreement.

Motions to compel arbitration are reviewed de novo. Adler v. Fred Lind Manor, 153 Wn.2d 331, 342, 103 P.3d 773 (2004). The Federal Arbitration Act (FAA),[1] applies to all employment contracts except for employment contracts of certain transportation workers. Adler, 153 Wn.2d at 341. Washington courts enforce the policies in the FAA and RCW 7.04A.060 favoring arbitration. Romney v. Franciscan Med. Grp., 186 Wn. App. 728, 734-35, 349 P.3d 32 (2015). Courts must indulge every presumption in favor of arbitration, including in the contract language itself. Adler, 153 Wn.2d at 342.

Arbitration is a matter of contract, and parties may only be forced to submit disputes to arbitration when they have agreed to submit those disputes to arbitration. Hill v. Garda CL NW, Inc., 179 Wn.2d 47, 53, 308 P.3d 635 (2013) (quoting Satomi Owners Ass'n v. Satomi, LLC, 167 Wn.2d 781, 810, 225 P.3d 213

---

[1] 9 U.S.C. §§1-16

3

(2009)). Gateway disputes regarding the validity of the contract or the arbitration provision "are preserved for judicial determination, as opposed to arbitrator determination, unless the parties' agreement clearly and unmistakably provides otherwise." Id. at 53, (see Satomi, 167 Wn.2d at 809. When the validity of an arbitration agreement is challenged, ordinary contract defenses such as unconscionability may invalidate the agreement. McKee v. AT&T Corp., 164 Wn.2d 372, 383, 191 P.3d 845 (2008).

A.     The 2014 contract is the only existing agreement between Thach and Matrix.

In order to determine if the contract and arbitration provision are valid, we must first determine which contract applies. The parties did not meaningfully brief or argue the question of which contract represented the agreement between Thach and Matrix at the time of her termination. Instead, the parties argued whether each agreement was procedurally unconscionable. Some Court of Appeals cases suggest that a subsequent contract between the same parties regarding the same subject matter must be interpreted together, with the second contract controlling on inconsistencies.[2]  That approach would warrant considering the procedural unconscionability of each employment agreement separately. But cases from the Washington Supreme Court, both old and new, adopt the opposite conclusion. In Higgins v. Stafford, the Court reiterated the rule that the legal effect of a subsequent contract made by the same parties and covering the same subject

---

[2] See e.g. Durand v. HIMC Corp., 151 Wn. App. 818, 830, 214 P.3d 189 (2009), (citing Flower v. T.R.A. Indus., Inc., 127 Wn. App. 13, 29, 111 P.3d 1192

matter, but containing inconsistent terms is to rescind the earlier contract, and the subsequent contract is the only agreement between the parties on the subject. 123 Wn.2d 160, 165-66, 866 P.2d 31 (1994) (quoting Bader v. Moore Bldg. Co., 94 Wash. 221, 224, 162 P. 8 (1917)); Cf. Tingley v. Fairhaven Land Co., 9 Wash. 34, 39-40, 36 P. 1098 (1894), overruled on other grounds by Rosellini v. Banchero, 83 Wn.2d 268, 273, 517 P.2d 955 (1974). We are bound by the Supreme Court's rule.

Here, Dr. Thach signed employment agreements with Matrix in 2010 and 2014. The two contracts are substantially similar, but the contract signed in 2014 significantly expands section 11, regarding disability, substantively changes section 12, regarding termination and suspension, and references either the divisional board or corporate board rather than the executive board. Because the contracts involve the same parties, the same subject matter, and contain inconsistent terms, we consider the 2014 contract to be the only agreement between Thach and Matrix.

B.     The 2014 agreement is not procedurally unconscionable.

Washington courts recognize both substantive and procedural unconscionability. Adler, 153 Wn.2d at 344 (citing Nelson v. McGoldrick, 127 Wn.2d 124, 131, 896 P.2d 1258 (1995). Procedural unconscionability is the lack of meaningful choice, considering the circumstances surrounding the agreement, (1) "[t]he manner in which the contract was entered," (2) "whether each party had a reasonable opportunity to understand the terms of the contract," and (3) "whether the important terms [were] hidden in a maze of fine print." Id. at 345 (quoting

Nelson 127 Wn.2d at 131). Those factors should "not be applied mechanically without regard to whether . . . a meaningful choice existed." Id. at 345 (quoting Nelson, 127 Wn.2d at 131). Procedural unconscionability is sufficient to render an agreement unenforceable. Steven Burnett v. Pagliacci Pizza, Inc., 442 P.3d 1267, 1272 (Wash. Ct. App. 2019). A trial court's final conclusion of unconscionability is a question law reviewed de novo. McKee, 164 Wn.2d at 383 (citing Nelson, 127 Wn.2d at 131).

Thach argues that the agreement is procedurally unconscionable because the arbitration provision is buried in the fine print of the agreement and that a reasonable person would not be able to understand the provision. But the agreement itself does not support a finding of procedural unconscionability. The arbitration provision is not hidden. It has its own numbered section in the agreement, and is titled Arbitration in bold font. No "reasonable person" standard applies to the analysis. While Thach argues that the provision's reference to a repealed statute makes it ambiguous, the provision explicitly states that the parties agree to submit disputes to Judicial Arbitration and Mediation Service and waive their right to file a lawsuit until 30 days after an arbitration award.

Because the agreement itself does not support a finding of unconscionability, the court must examine the circumstances surrounding the agreement. Thach alleges that the employment agreement is an adhesion contract. An adhesion contract is (1) a "standard form printed contract," (2) "prepared by one party and submitted to the other on a 'take it or leave it' basis," and (3) "where there was 'no true equality of bargaining power' between the

parties." Adler, 153 Wn.2d at 347 (quoting Yakima County (W. Valley) Fire Prot. Dist. No. 12 v. City of Yakima, 122 Wn.2d 371, 393, 858 P.2d 245 (1993). Whether a contract is an adhesion contract can help show procedural unconscionability in a contract, but does not necessarily render it unconscionable. Id. at 347-48.

There is no dispute that the employment agreement is an adhesion contract. However, an employee cannot rely solely on a lack of bargaining power to show that an adhesion contract is unconscionable. Zuver v. Airtouch Commc'ns, Inc., 153 Wn.2d 293, 306, 103 P.3d 753 (2004). The employee must show some evidence that the employer (1) refused to respond to the employee's questions or concerns, (2) placed undue pressure on the employee to sign the agreement without a reasonable opportunity to consider the terms, (3) and/or that a reasonable person could not understand the terms. Id. at 306-07.

Based on the uncontested facts alleged by Thach, the 2014 agreement was not procedurally unconscionable. Thach's only other argument regarding procedural unconscionability and the 2014 agreement is her significant investment in Matrix. She invested half of her first year salary and twenty-five percent of her second year salary in Matrix in order to secure shareholder status. She would have suffered tremendous financial and professional loss if she did not sign the contract and was forced to start again with a new employer.

While these facts indicate Thach lacked relative bargaining power, these consequences apply to anyone who has expended the effort to become a partner in the organization that employs them. The facts do not show that Matrix refused to respond to her concerns, placed undue pressure on Thach, or that a reasonable

person could not understand the terms. Neither do the facts demonstrate that Thach lacked other opportunities for employment or was unable to exercise a meaningful choice. Thach's investment in her employment and the benefits derived from maintaining it are not the sort of undue pressures that cause a new employment agreement to be unenforceable. Because Thach fails to allege factors that show the 2014 agreement is procedurally unconscionable, we hold that the employment agreement and arbitration provision are valid and enforceable.

II.     The arbitrator must decide whether Thach's claims fall within the scope of
        the arbitration agreement.

After initial briefing in this case, the United States Supreme Court issued an opinion that definitively resolved the question of who should decide whether Thach's claims are within the scope of the arbitration clause. When parties delegate the question of arbitrability to the arbitrator, the arbitrator must resolve any disputes regarding that question.

Who decides issues of arbitrability is a question of contract. Henry Schein, Inc. v. Archer and White Sales, Inc., 139 S. Ct. 524, 527, 202 L. Ed. 480 (2019). Parties may make an agreement that an arbitrator, rather than a court, will resolve threshold arbitrability questions, as long as the contract clearly and unmistakably does so. Id. at. 530. When the parties delegate the threshold arbitrability question to an arbitrator, the court has no power to decide the issue, even if the argument that arbitration applies to the dispute appears wholly groundless. Id. at 529.

Here, the contract clearly and unmistakably assigns questions of arbitrability to the arbitrator. The employment agreement explicitly states that

8

"[a]ny dispute as to whether any issue is to be resolved by arbitration shall be submitted as part of the arbitration proceeding." The language used is expansive ("any"), mandatory ("shall"), and encompasses questions of arbitrability. Because the contract clearly assigns the dispute to arbitration, the court must permit an arbitrator to decide.

In response to Henry Schein, Thach directs the court to Nelson v. Westport Shipyard, Inc., a case where the arbitration clause did not assign questions of arbitrability to the arbitrator. 140 Wn. App. 102, 163 P.3d 807 (2007). While Thach is correct that Nelson involves shareholder and employment agreements, only one of which contained an arbitration clause, the arbitration clause in Nelson was narrow and required arbitration of "only those disputes 'arising out of this Agreement.'" 140 Wn. App. at 113-14. In fact, the court in Nelson carefully distinguished the arbitration clause from one that required disputes regarding the validity, enforceability, or scope of an agreement or arbitration provision to be submitted to arbitration. 140 Wn. App. at 112-13, distinguishing Buckeye Check Cashing, Inc. v. Cardegna. 546 U.S. 440, 442-43, 126 S. Ct. 1204, 163 L. Ed. 2d 1038 (2006). Nelson is therefore inapplicable here, because Thach's employment agreement explicitly states that the question of arbitrability must be submitted as part of the arbitration proceeding.

Because the agreement clearly and unmistakably assigned questions of arbitrability to the arbitrator, Henry Schein controls, and the arbitrator, not the court, must decide whether Thach's claims fall within the scope of the employment agreement. We do not reach the question of whether Thach's claims fall within the

scope of the arbitration agreement, and remand for the entry of an order compelling arbitration of Thach's claims.

Reverse and remand.

WE CONCUR:

Chun, J.

Andrus, J.