NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

DEC 21 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MAURA ESCOBAR; et al., | No. 21-35765 |
| Plaintiffs-Appellants, | D.C. No. 3:20-cv-01695-SB |
| v. | |
| NATIONAL MAINTENANCE CONTRACTORS, LLC, a Delaware limited liability company; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

| | |
|---|---|
| MAURA ESCOBAR; et al., | No. 21-35780 |
| Plaintiffs-Appellees, | D.C. No. 3:20-cv-01695-SB |
| v. | |
| NATIONAL MAINTENANCE CONTRACTORS, LLC, a Delaware limited liability company; et al., | |
| Defendants-Appellants. | |

Appeal from the United States District Court
for the District of Oregon
Stacie F. Beckerman, Magistrate Judge, Presiding

Argued and Submitted December 6, 2022

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Seattle, Washington

Before: McKEOWN, MILLER, and MENDOZA, Circuit Judges.

Appellants are individuals who either signed franchise agreements to provide janitorial services or are family members of a signatory. They brought this action against National Maintenance Contractors, LLC; NMC Franchising, LLC; Marsden Services, LLC; and eight individual directors or officers (collectively "NMC") asserting various claims predicated on the theory that they are actually employees, not franchisees. Appellants appeal from the district court's order compelling arbitration of their claims. NMC cross-appeals, challenging the district court's holding that the arbitration agreement's forum-selection clause is unenforceable. We have jurisdiction under 28 U.S.C. § 1291. We conclude that the arbitration clause in the franchise agreement is unenforceable, and we affirm in part, reverse in part, and remand for further proceedings.

"We review *de novo* the district court's decision to grant or deny a motion to compel arbitration." *Balen v. Holland Am. Line Inc.*, 583 F.3d 647, 652 (9th Cir. 2009). We review the underlying factual findings for clear error. *Id.*

The parties agree that all of the agreements are governed by either Oregon or Washington law. No party argues that the Federal Arbitration Act, 9 U.S.C. §§ 1– 16, preempts state law in this case. In Oregon and Washington, substantive unconscionability, by itself, can be a sufficient basis for invalidating a contract. *See*

2

*Hatkoff v. Portland Adventist Med. Ctr.*, 287 P.3d 1113, 1118 (Or. Ct. App. 2012);

*Hill v. Garda CL Northwest, Inc.*, 308 P.3d 635, 638 (Wash. 2013). We conclude

that three provisions of the arbitration agreement are substantively unconscionable:

the limit on punitive damages, the forum-selection clause, and the cost-sharing

provision.

First, the district court held that the arbitration agreement's limit on punitive

damages is unconscionable, and NMC does not challenge that determination on

appeal.

Second, the arbitration agreement's forum-selection clause is

unconscionable. The district court held that the clause is unconscionable because

of Appellants' "geography and respective financial situations." NMC argues that

*Atlantic Marine Construction Co. v. United States District Court for the Western*

*District of Texas*, 571 U.S. 49, 63–64 (2013), prohibits considering private-interest

factors such as geography and income. But the Court's analysis in *Atlantic Marine*

concerned whether a "contractually valid forum-selection clause" could be

enforced. *Id.* at 62 & n.5. An unconscionable forum-selection clause is invalid, so

the analysis in *Atlantic Marine* is inapplicable here. *See DePuy Synthes Sales, Inc.*

*v. Howmedica Osteonics Corp.*, 28 F.4th 956, 967 (9th Cir. 2022). Accordingly,

the district court did not err in considering private-interest factors in its

unconscionability analysis.

Third, the arbitration agreement's cost-sharing provision is unconscionable. In Oregon and Washington, a cost-sharing provision is unconscionable if it denies parties the opportunity to vindicate their rights because of their inability to pay. *See Vasquez-Lopez v. Beneficial Oregon, Inc.*, 152 P.3d 940, 951–52 (Or. Ct. App. 2007); *Hill*, 308 P.3d at 639. The provision in question provides that the "expenses of the arbitration . . . shall be born equally by the parties, unless they agree otherwise or unless the arbitrator in the award assesses such expenses or any part thereof against any specified party or parties." The district court erred in concluding that "[t]he risk that [Appellants] *may* have to pay arbitration expenses does not support a finding of unconscionability here." For that conclusion, the court relied on cases in which incomplete factual records required courts to speculate about how a cost-sharing provision would affect a party's ability to access an arbitral forum. No such speculation is necessary here. Instead, Appellants have provided undisputed evidence about the costs of arbitration and how those costs would prevent them from bringing their claims. NMC provides no evidence to the contrary. On this record, the cost-sharing provision is substantively unconscionable.

Although the agreement contains a severability clause, severance is inappropriate here because the arbitration agreement is permeated with unconscionable provisions. *See McKee v. AT&T Corp.*, 191 P.3d 845, 860–61

4

(Wash. 2008). Oregon and Washington courts have held that severance is inappropriate for arbitration agreements with two or three unconscionable provisions. *See Vasquez-Lopez*, 152 P.3d at 949–54; *Gandee v. LDL Freedom Enters.*, 293 P.3d 1197, 1200–02 (Wash. 2013). In addition, we cannot sever an unconscionable provision if doing so would require us to rewrite the contract. Severing the cost-sharing provision would require exactly that because, in the absence of the provision, it would fall to us to decide who should bear the costs of arbitration. *See Vasquez-Lopez*, 152 P.3d at 954. We therefore conclude that the entire arbitration agreement is substantively unconscionable and unenforceable, so we need not reach the remaining issues briefed by the parties.

The motion to become an amicus (Dkt. No. 27) and motions to file supplemental briefs (Dkt. Nos. 62, 68) are granted.

Costs shall be taxed against appellees/cross-appellants.

**AFFIRMED in part, REVERSED in part, and REMANDED.**