211 P.3d 454 (2009)
Derek WALTERS, Appellant,
v.
A.A.A. WATERPROOFING, INC., Respondent.
No. 62638-8-I.
Court of Appeals of Washington, Division 1.
July 20, 2009.
*456 Roblin J. Williamson, Williamson & Williams, Bainbridge Island, WA, for Appellant.
*457 Jeffrey P. Fairchild, Adelstein, Sharpe & Serka LLP, Bellingham, WA, for Respondent.
BECKER, J.
¶ 1 In this suit for overtime pay, the arbitration agreement in the employment contract conflicts with wage and hour statutes in that it entitles the employer to an award of attorney fees if the employer prevails. Also, the agreement provides that arbitration will occur in Denver, making the cost of arbitration prohibitive for this middle class plaintiff. These two provisions are unconscionable, but severable. We accordingly conclude appellant must submit to arbitration, but not in Denver, and not with the risk that he will have to pay the employer's attorney fees if he loses.
¶ 2 A.A.A. Waterproofing, a Colorado corporation, hired appellant Derek Walters in 2000 to manage its facility in Washington. Waterproofing and Walters entered into a written employment agreement that included an arbitration clause. The clause requires all disputes to be submitted to arbitration in Denver, Colorado, except those relating to the employee's sharing of confidential information or violating a covenant not to compete:
Any dispute (except a dispute relating to a breach of Sections 6 or 11 hereof) shall be submitted by any party hereto to arbitration. Arbitration shall be conducted in Denver, Colorado, before a single arbitrator appointed by the American Arbitration Association in accordance with the commercial rules of the American Arbitration then in effect. The award of such arbitrator shall be final and may be entered by any party hereto in any court of competent jurisdiction. "The prevailing party in any such arbitration shall be entitled to all costs and expenses of such arbitration (including its reasonable legal fees)." In the event that an award not entirely in favor of either party is entered by the arbitrator, the costs and expenses of the arbitration shall be paid as directed by the arbitrator.
¶ 3 In 2002, Walters sued Waterproofing in King County for overtime pay, asking the court to enter judgment in his favor and award him damages and attorney fees and costs. The court granted Waterproofing's motion to stay the proceeding pending mandatory arbitration under the agreement. To appeal the stay, Walters moved for and was granted a final judgment and dismissal. On appeal, he argued the agreement was substantively unconscionable because, among other things, the prohibitive costs made arbitration an inaccessible forum. This court affirmed. Walters v. A.A.A. Waterproofing, Inc., 120 Wash.App. 354, 360, 85 P.3d 389 (2004). The Supreme Court granted Walters' petition for review and remanded his case to this court for reconsideration in light of Zuver v. Airtouch Communications, Inc., 153 Wash.2d 293, 103 P.3d 753 (2004), and Adler v. Fred Lind Manor, 153 Wash.2d 331, 103 P.3d 773 (2004). Walters v. A.A.A. Waterproofing, Inc., 153 Wash.2d 1023, 108 P.3d 1227 (2005). We remanded the case to the trial court, as was done in Adler, 153 Wash.2d at 354, 103 P.3d 773.
¶ 4 On remand, Walters submitted a declaration about his financial circumstances and moved for summary judgment, asking the court to find that the arbitration clause was substantively unconscionable and unenforceable in its entirety. The trial court denied his motion. The court granted Waterproofing's motion to compel arbitration and dismiss the complaint with prejudice, essentially returning the case to the same posture as in Walters' first appeal, although with a more fully developed record.
¶ 5 We review a trial court's decision to grant a motion to compel or deny arbitration de novo. Adler, 153 Wash.2d at 342, 103 P.3d 773. Encompassed within our review is the trial court's denial of Walters' motion for summary judgment. We may exercise our discretion and rule on a denied motion for summary judgment to serve the interest of judicial economy where there are no genuine issues of material fact. Anderson v. State Farm, 101 Wash.App. 323, 329, 2 P.3d 1029 (2000). We will do so in this case because the underlying facts are not in dispute and the issue is one that can be decided as a matter of law: whether, on the facts presented, the arbitration clause is enforceable.
*458 ¶ 6 The employment contract between Walters and Waterproofing is governed by the Federal Arbitration Act and, accordingly, we must indulge every presumption in favor of arbitration. Zuver, 153 Wash.2d at 301, 103 P.3d 753. Ordinary contract defenses, including unconscionability, remain available as a basis for invalidating arbitration agreements. Zuver, 153 Wash.2d at 301-02, 103 P.3d 753. Courts apply state contract law in determining whether an agreement to arbitrate is invalid. McKee v. AT & T Corp., 164 Wash.2d 372, 383, 191 P.3d 845 (2008). The party opposing arbitration bears the burden of showing that the agreement is unenforceable. The existence of an unconscionable bargain is a question of law for the courts. Zuver, 153 Wash.2d at 302-03, 103 P.3d 753.
¶ 7 Walters makes a claim of substantive unconscionability. Such a claim alleges that a clause or term is one-sided or overly harsh. Zuver, 153 Wash.2d at 303, 103 P.3d 753.

PREVAILING PARTY PROVISION
¶ 8 Walters first argues that the "loser pays all" fees and costs provision in the arbitration clause is substantively unconscionable. A provision in an arbitration agreement may be substantively unconscionable if it effectively undermines an employee's ability to vindicate his statutory rights. Adler, 153 Wash.2d at 355, 103 P.3d 773.
¶ 9 Walters sued Waterproofing for failing to pay him overtime in violation of the wage, hour, and labor laws of the State of Washington.[1] The parties estimate the value of the claim to be approximately $70,000. Under Washington law, a plaintiff who prevails in an action brought under the wage and hour laws is statutorily entitled to an award of reasonable attorney fees and costs in the action. See, e.g., RCW 49.46.090(1), RCW 49.48.030, and RCW 49.52.070.
¶ 10 Although statutes that provide for an award of attorney fees to the prevailing party are often reciprocal, the above-cited statutes are not. They provide for an award of attorney fees only for prevailing employees. They are part of a comprehensive system of statutes with respect to wages, reflecting a strong legislative intent to assure payment to employees of wages they have earned. See Schilling v. Radio Holdings, Inc., 136 Wash.2d 152, 159, 961 P.2d 371 (1998). In contrast, the attorney fees provision in the agreement between Walters and Waterproofing requires that Walters be ordered to pay his employer's fees and expenses if the employer prevails: The "prevailing party in any such arbitration shall be entitled to all costs and expenses of such arbitration (including its reasonable legal fees)." The only exception allowed by the agreement is if the award is not entirely in favor of either party, in which case the arbitrator has discretion. Walters contends the mandatory and reciprocal nature of the prevailing party term is substantively unconscionable because the risk of having to pay the employer's arbitration expenses and attorney fees will deter employees from seeking to vindicate their statutory rights, such as the right to overtime pay.
¶ 11 Waterproofing responds that it is speculative to assume that an arbitrator would follow the prevailing party term in the employment agreement rather than following a controlling statute. Waterproofing relies on Zuver, where the arbitration agreement stated that the prevailing party in the arbitration "may be entitled to receive reasonable attorney's fees." Zuver, 153 Wash.2d at 310, 103 P.3d 753. Zuver was pursuing a discrimination claim under a statute that entitled her to an award of attorney fees if she prevailed.[2] She argued that the attorney fees provision was substantively unconscionable because individuals would be dissuaded from pursuing their discrimination claims if they had to assume the risk of having to "pay the employer's *459 attorney fees if they lost, and because the phrase may be entitled" meant that even if she did prevail, the arbitrator was not obligated to award her attorney fees as required by RCW 49.60.030(2). Zuver, 153 Wash.2d at 311 n. 8, 103 P.3d 753. The court noted that the United States Supreme Court dealt with a similar issue in PacifiCare Health Systems, Inc. v. Book, 538 U.S. 401, 123 S.Ct. 1531, 155 L.Ed.2d 578 (2003). In PacifiCare, faced with mere speculation that an arbitrator might interpret an ambiguous provision on damages in a manner that would make the agreement unenforceable, the court decided it should not assume "the authority to decide the antecedent question of how the ambiguity is to be resolved." PacifiCare, 538 U.S. at 407, 123 S.Ct. 1531. Our Supreme Court likewise refused to decide that the attorney fees provision in Zuver's agreement made the agreement unenforceable. Because the agreement used the permissive word "may" rather than the directive "shall", it would be speculative to assume that the arbitrator would ignore controlling substantive law:
Zuver merely speculates that an arbitrator might construe this provision to deny her attorney fees if she prevails on her discrimination claim. Likewise, it is mere speculation to assume that the arbitrator would disregard case law holding that a prevailing defendant may receive attorney fees only if a plaintiff's discrimination claim was "frivolous, unreasonable, or without foundation." Consequently, we conclude that this attorney fees provision is not substantively unconscionable.
(Citations omitted.) Zuver, 153 Wash.2d at 312, 103 P.3d 753.
¶ 12 In contrast to Zuver, the agreement in Adleranother case brought under the antidiscrimination statutedid use the word "shall." It provided that the parties "shall bear their own respective costs and attorneys fees." Adler, 153 Wash.2d at 354, 103 P.3d 773. Adler argued that it was one-sided and overly harsh because it required him to waive his statutory right to recover attorney fees and costs under RCW 49.60.030(2). The employer responded that the argument left the arbitrator free to follow the substantive law of RCW 49.60.030(2) and to award fees to a prevailing employee at the end of the hearing. The court found the employer's interpretation unpersuasive. The court concluded that the direction to the arbitrator to let each party bear their own costs and fees was unambiguous, not speculative, and it was substantively unconscionable because it undermined a plaintiff's statutory right to an award of attorney fees upon prevailing:
It is a well-known principle of contract interpretation that "specific terms and exact terms are given greater weight than general language." While the agreement generally provides that "Washington law, to the extent permitted, shall govern all substantive aspects of the dispute and all procedural issues not covered by the Rules," the agreement's attorney fees provision specifically and unambiguously states that the "parties shall bear their own respective costs and attorneys fees." Moreover, any ambiguity between these arguably conflicting provisions is resolved against the drafter, Fred Lind Manor.
Adler, 153 Wash.2d at 354-55, 103 P.3d 773. Adler demonstrates that, contrary to Waterproofing's argument, it is not speculative to assume that an arbitrator would apply the provision in Walters' agreement regarding the payment of arbitration costs. It uses the word "shall" and it is not ambiguous.
¶ 13 Walters' agreement states that the prevailing party "shall be entitled to all costs and expenses of such arbitration (including its reasonable legal fees)." It thus differs from the agreement in Adler, but it is equally one-sided and harsh. While Walters is assured that he will recover his expenses and legal fees if he wins decisively, he must assume the risk that if he loses, he will have to pay Waterproofing's expenses and legal fees. This risk is an enormous deterrent to an employee contemplating a suit to vindicate the right to overtime pay. Under these circumstances, in the context of an employee's suit where the governing statutes provide that only a prevailing employee will be entitled to recover fees and costs, a reciprocal attorney fees provision is unconscionable and, therefore, unenforceable.

*460 INACCESSIBILITY OF FORUM
¶ 14 An arbitration agreement is unconscionable "when the party opposing arbitration reasonably shows in law or equity that prohibitive costs are likely to render the arbitral forum inaccessible." Mendez v. Palm Harbor Homes, Inc., 111 Wash.App. 446, 465, 45 P.3d 594 (2002).
¶ 15 In Mendez, the plaintiff bought a used mobile home for $12,000. When a dispute arose concerning payment and delivery, he filed a complaint in court. The seller moved to compel arbitration, pursuant to the parties' agreement to arbitrate disputes before a panel of three arbitrators from the American Arbitration Association under that organization's rules. The buyer successfully resisted arbitration by showing that he would have to pay an initial filing fee of $2,00020 times higher than the fee for filing an action in superior courtand that he reasonably anticipated additional costs for the arbitrators' fees and expenses. Mendez, 111 Wash. App. at 467-68, 45 P.3d 594. Mendez earned less than $20,000 annually working two jobs while supporting a family of five, and it was undisputed that he could not pay even a $500 filing fee. Taking his difficult financial circumstances into consideration, the court held his evidence was sufficient to establish that the arbitration agreement was unconscionable because it effectively barred Mendez from pursuing his $1,500 claim. Mendez, 111 Wash.App. at 467-68, 45 P.3d 594. "If the up-front costs of arbitration have the practical effect of deterring a consumer's claim, the arbitration agreement should not be enforced." Mendez, 111 Wash.App. at 469, 45 P.3d 594.
¶ 16 In Zuver, the Supreme Court held that the Mendez approach was also appropriate to determine the conscionability of a fee-splitting provision. The court would conduct its analysis "in the context of the particular circumstances of the parties to the arbitration agreement, rather than finding such a provision to be per se unconscionable." Zuver, 153 Wash.2d at 309, 103 P.3d 753. "Under the `case by case' approach we endorse today, Zuver must produce some information showing that she cannot afford the fees in this arbitration." Zuver, 153 Wash.2d at 310 n. 6, 103 P.3d 753. Zuver claimed that the arbitration agreement to which she was a party made arbitration prohibitively expensive because it required the parties to share the hourly fees of the arbitrator equally. The court found that claim to be moot because the employer offered to defray Zuver's costs by paying the arbitration fees. Zuver, 153 Wash.2d at 310, 103 P.3d 753.
¶ 17 In Adler, the arbitration agreement likewise stated that the "arbitrator's fee and other expenses of the arbitration process shall be shared equally," Adler, 153 Wash.2d at 338, 103 P.3d 773, but there was no offer by the employer to pay these costs. The plaintiff claimed that the fee-splitting provision was unconscionable, but he did not provide specific information about the arbitration fees he would be required to share or why the fees would effectively bar him from bringing his claims. The court cited Mendez to illustrate what a party opposing arbitration had to do "to meet his burden of showing the likelihood of incurring excessive costs." Adler, 153 Wash.2d at 353, 103 P.3d 773. Once a party establishes prohibitive costs, the opposing party must present evidence to the contrary, which may include an offer to pay all or part of the arbitration fees and costs. Adler, 153 Wash.2d at 354, 103 P.3d 773; see also Zuver, 153 Wash.2d at 309, 103 P.3d 753.
¶ 18 In Walters' first appeal, we concluded that Walters failed to show that the costs of arbitrating his claim are prohibitive. In Adler, the Supreme Court reached a similar conclusion but, hesitant to reach a final decision, the court remanded to give the plaintiff another "opportunity to prove that the costs of arbitration would prohibit him from vindicating his claims." Adler, 153 Wash.2d at 353-54, 103 P.3d 773. Therefore, when the Supreme Court remanded Walters' case for reconsideration in light of Zuver and Adler, we similarly directed the trial court to give Walters an opportunity to make a factual record:
On reconsideration in light of Zuver and Adler, we remand to the trial court to give Walters an opportunity to prove his claim. The trial court should provide the parties *461 the opportunity "to engage in limited discovery regarding the costs of arbitration." As explained in Adler, "[o]nce prohibitive costs are established, the opposing party... must present contrary offsetting evidence to enforce arbitration." Again as explained in Adler, "[s]uch evidence may include an offer to pay all or part of the arbitration fees and costs."
¶ 19 The prohibitive costs alleged in Zuver, Adler, and Mendez were the arbitration filing fee and other costs of the forum. Walters' opening brief suggests that he views the possibility of having to pay large forum fees as one factor making arbitration cost-prohibitive. But he has devoted scant attention to proving this claim and has not explained what significance, if any, should be attributed to Waterproofing's offer to advance the arbitrator's fee and the hearing costs. See Zuver, 153 Wash.2d at 309-10, 103 P.3d 753 ("Zuver has failed to provide any evidence here comparable to the affidavits and information produced by Mendez"). The expenses of arbitration itself are not central to Walters' argument, as they were in Mendez. His argument is that it costs too much to go to Denver, Colorado.
¶ 20 Walters' concern about the cost of travel to the designated location is an argument about the accessibility of the arbitral forum, like the requirement for fee-splitting in Zuver and Adler and the cost of the arbitration filing fee discussed in Mendez. Therefore, we use the approach adopted in those cases. The issue is to be resolved case-by-case on the basis of specific factual information rather than with a per se rule. Walters, the party opposing arbitration, has the burden of showing that the cost of arbitration is prohibitive by documenting his financial resources, the extra costs of arbitration, and any offer by the other party to defray the cost of arbitration. See Mendez, 111 Wash.App. at 467-70, 45 P.3d 594; Zuver, 153 Wash.2d at 307-10, 103 P.3d 753; Adler, 153 Wash.2d at 353-54, 103 P.3d 773.
¶ 21 Walters lives in Marysville, Washington. He contends that if he has to participate in an arbitration in Denver, he will incur numerous expenses over and above the expense of litigating his claim in King County Superior Court, and he is not able to afford the extra expense. Specifically, he would incur the expense for airfare, overnight accommodations, and meals for his attorney, himself, his wife and two former co-workers, as well as the lost income for all witnesses, at an estimated cost of at least $7,000 for a two-day arbitration. Walters' declaration states that he and his wife both work in Monroe as state correctional officers with a combined net income of $2,150 every two weeks. Their monthly expenses include $1,200 for a house payment, $500 for commuting costs, $350 in payments to a Chapter 13 bankruptcy trustee, and all the incidental costs for a family of four, including utilities, maintenance for their vehicles, school and medical expenses, food, and clothing. Walters plausibly declares that they have nothing left from their paychecks after paying these expenses. This information establishes a prima facie case that the costs of arbitration are prohibitive for Walters. The burden shifts to Waterproofing to present contrary offsetting evidence.
¶ 22 Waterproofing does not challenge Walters' statements about his household budget. Waterproofing simply contends that Walters' evidence does not prove prohibitive costs because tax records show that the gross income reported by the Walters family was $93,899 in 2006 and thus "Walters is not Mendez."[3] We reject the implication that an argument about the prohibitive costs of arbitration is available only to the poverty-stricken. Nothing in the Mendez decision indicates it was meant to be confined to its facts. Waterproofing also documents the fact that Walters has numerous family members who live near Denver and suggests that Walters could arrange to stay with them, thereby eliminating any cost for room and board. We decline to presume the charity of family. Waterproofing has not shown that it expects its own officers and employees to cut their business travel costs by staying with relatives. We thus conclude that Waterproofing has failed to produce specific information demonstrating that Walters *462 can afford the higher travel expenses of attending an arbitration in Denver.
¶ 23 Waterproofing has offered to defray Walters' expenses to the extent of paying for airfare for Walters and his attorney. Walters responds that the cost of airfare is approximately $600 per person, so this is not a significant reduction in his expenses. Waterproofing suggests that the expenses can be further reduced if the arbitrator allows the two witnesses identified by Walters to testify telephonically instead of coming to Denver, but this is speculative. Walters states that he needs live testimony and Waterproofing fails to provide specific information showing that an arbitrator would be likely to insist on telephonic testimony over Walters' objection. Finally, Waterproofing asserts that litigation is more expensive than arbitration because of depositions, pretrial hearings, and delays, but because this assertion is also unsupported by specific information it cannot be considered.
¶ 24 Under the circumstances shown by the record in this case, Walters has established that for him, the cost of participating in an arbitration conducted in Denver is prohibitive.

SEVERABILITY
¶ 25 The employment contract contains a severability clause indicating that if a court declares any provision in the agreement to be unenforceable, the rest of the agreement shall remain in full force.
¶ 26 When a court finds a provision in an employment arbitration agreement to be unconscionable, the court may enforce the remainder of the contract without the unconscionable clause. Adler, 153 Wash.2d at 358, 103 P.3d 773, citing RCW 62A.2A-208(1). Severability is particularly likely when the agreement includes a severability clause. Zuver, 153 Wash.2d at 320, 103 P.3d 753. A court will declare the entire arbitration agreement unenforceable only when unconscionable provisions are pervasive. Zuver, 153 Wash.2d at 320, 103 P.3d 753. In Adler and Zuver, the court struck the unconscionable provisions rather than finding the entire agreement invalid. Adler, 153 Wash.2d at 360-61, 103 P.3d 773; Zuver, 153 Wash.2d at 322, 103 P.3d 753.
¶ 27 In this case the unconscionable provisions are easily severed by omitting "in Denver, Colorado," and omitting the last two sentences, which direct the arbitrator to award attorney fees and costs and expense of the arbitration in a manner that conflicts with the controlling statutes. What remains is simply the basic agreement to arbitrate with the American Arbitration Association, with any request for attorney fees, costs, and expenses to be decided as provided by statute.
¶ 28 To summarize, the "loser pays all" provision in the arbitration agreement is unconscionable as applied to a suit for overtime because it conflicts with statutes designed to protect the right to wages and it operates as a deterrent to the litigation of wage claims. The provision requiring arbitration in Denver is unconscionable under the circumstances of this case because for Walters, the cost is prohibitive. These two provisions are to be severed from the arbitration agreement and, in that posture, the case may proceed to arbitration.
¶ 29 Reversed.
WE CONCUR: LEACH, and LAU, JJ.
NOTES
[1] Below, Walters attacked the "Governing Law" section of the employment agreement, but neither party has offered any argument concerning this provision on appeal, and we do not address it.
[2] RCW 49.60.030(2) provides that plaintiffs in an antidiscrimination action shall have an action to enjoin further violations or to recover damages, or both, "together with the cost of suit including reasonable attorneys' fees."
[3] Brief of Respondent at 5.