# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

MICHAEL ROMNEY; FARON BAUER; )
and KRISTEN CHILDRESS, individually )
and on behalf of all other similarly )
situated, )
     )
              Respondents, )
     )
              v. )
     )
FRANCISCAN MEDICAL GROUP, a )
Washington corporation; FRANCISCAN )
HEALTH SYSTEM, a Washington )
Corporation; FRANCISCAN HEALTH )
VENTURES, a Washington corporation, )
FRANCISCAN NORTHWEST )
PHYSICIANS HEALTH NETWORK, )
LLC, a Washington corporation; and )
CATHOLIC HEALTH INITIATIVES, a )
Colorado corporation, )
     )
              Appellants. )

No. 71625-5-I

DIVISION ONE

PUBLISHED OPINION

FILED: February 17, 2015

TRICKEY, J. — Washington has a strong public policy favoring arbitration. Because of that clear policy, an employer-employee arbitration agreement will be upheld even if certain provisions of the agreement are substantively unconscionable so long as those provisions are severable.

The arbitration agreement allows plaintiff-employees to seek damages claimed as well as any attorney fees and costs "as required by law." The arbitration agreement at issue here is neither procedurally nor substantively unconscionable.

The employees' assertion that the agreement is substantively unconscionable because other sections of the employment contract permit the employer to seek limited judicial relief without affording the employees that same option is not well taken. Even

assuming the provisions the employees assert were unconscionable, those provisions are severable and do not impact the underlying agreement to arbitrate.

We reverse the trial court's determination that the arbitration agreement was invalid and remand to compel arbitration.

## FACTS

Plaintiffs/Respondents Michael Romney, M.D., Faron Bauer, M.D., and Kristen Childress, A.R.N.P.[1] are former employees of Defendant/Appellant Franciscan Medical Group (FMG). Each entered into an employment contract with FMG that included agreements to arbitrate all employment related disputes between the parties. The employees brought suit against FMG for damages, statutory penalties, and equitable relief for wage violations on behalf of themselves and the class of physicians, medical assistants, and nurse practitioners. Romney and Bauer brought individual claims for being fired in retaliation for whistle-blowing and for losing their hospital privileges.

Romney, Bauer, and Childress filed suit in King County Superior Court and at the same time requested the court to find the arbitration agreement signed by each of the parties to be unconscionable. FMG moved to compel arbitration. The trial court found the arbitration addendum unconscionable, invalidated it, and denied FMG's motion to compel arbitration. FMG timely appeals.

## ANALYSIS

The arbitration agreement provides that the Federal Arbitration Act (FAA), 9 U.S.C. §§ 1-16, governs. Section 2 of the FAA provides that written arbitration agreements "shall be valid, irrevocable, and enforceable, save upon such grounds as

---

[1] Childress has a doctorate in nursing practices and was hired as an Advanced Registered Nurse Practitioner. Clerk's Papers (CP) at 111.

2

exist at law or in equity for the revocation of any contract." The effect of this section is to create a body of substantive federal law on arbitration that state and federal courts must apply to arbitration agreements that fall under the FAA's coverage. Perry v. Thomas, 482 U.S. 483, 489, 107 S. Ct. 2520, 96 L. Ed. 2d 426 (1987). Courts must indulge every presumption in favor of arbitration under the FAA. Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 24-25, 103 S. Ct. 927, 74 L. Ed. 2d 765 (1983), superseded on other grounds by 9 U.S.C. § 16(b)(1).[2]

Washington has a similar strong policy favoring arbitration. RCW 7.04A.060; Adler v. Fred Lind Manor, 153 Wn.2d 331, 342, 103 P.3d 773 (2004). This policy does not, however, lessen this court's responsibility to determine whether the arbitration contract is valid. Hill v. Garda CL Nw., Inc., 179 Wn.2d 47, 53, 308 P.3d 635 (2013). The agreement to arbitrate is a contract, the validity of which courts review absent a clear agreement to not do so. Hill, 179 Wn.2d at 53. Whether or not a contract is unconscionable is a preliminary question for judicial consideration.

This court reviews de novo a trial court's decision to compel or deny arbitration. Gandee v. LDL Freedom Enters., Inc., 176 Wn.2d 598, 602, 293 P.3d 1197 (2013); Satomi Owners Ass'n v. Satomi, LLC, 167 Wn.2d 781, 797, 225 P.3d 213 (2009). The burden of demonstrating that an arbitration agreement is not enforceable is on the party opposing the arbitration. Zuver v. Airtouch Commc'ns, Inc., 153 Wn.2d 293, 302, 103 P.3d 753 (2004).

---

[2] Under the FAA, an employer-employee arbitration agreement may be enforced in state court. See Circuit City Stores, Inc. v. Adams, 532 U.S. 105, 119, 121 S. Ct. 1302, 149 L. Ed. 2d 234 (2001) (only transportation workers exempt from FAA); Allied-Bruce Terminix Cos. v. Dobson, 513 U.S. 265, 268, 115 S. Ct. 834, 130 L. Ed. 2d 753 (1995) (broad reach of FAA to contracts "evidencing a transaction involving commerce" constitutional under Commerce Clause).

Washington recognizes two types of unconscionability for invalidating arbitration agreements, procedural and substantive. McKee v. AT & T Corp. 164 Wn.2d 372, 396, 191 P.3d 845 (2008). Procedural unconscionabilty applies to impropriety during the formation of the contract; while substantive unconscionabilty applies to cases where a term in the contract is alleged to be one-sided or overly harsh. Nelson v. McGoldrick, 127 Wn.2d 124, 131, 896 P.2d 1258 (1995). Either is sufficient to void the agreement. Hill, 179 Wn.2d at 55.

Procedural Unconscionability

To determine whether an agreement is procedurally unconscionable, we examine the circumstances surrounding the transaction, including (1) "'the manner in which the contract was entered,'" (2) "'whether each party had a reasonable opportunity to understand the terms of the contract,'" and (3) "'whether the important terms were hidden in a maze of fine print,'" to determine whether a party lacked a meaningful choice. Nelson, 127 Wn.2d at 131 (internal quotation marks and alterations omitted) (quoting Schroeder v. Fageol Motors, Inc., 86 Wn.2d 256, 260, 544 P.2d 20 (1975)).

The employees argue that the agreement is procedurally unconscionable because they had no meaningful choice in negotiating and signing the contract. Romney's declaration asserts that he was never informed that he could negotiate any terms of either the employment agreement or arbitration addendum. In fact, he says that he was "strong-armed" because he was told that he could not work without a contract.[3] Bauer's declaration states that he knew of another physician who refused to sign the employment agreement and was no longer employed by FMG. Childress's declaration asserts that she attempted to negotiate both the wages and non-compete

---

[3] CP at 215.

clauses, but was informed that the contract was not modifiable. FMG presented each employee with the contract and asserted that it "is what it is."[4]

A contract is "procedurally unconscionable" when a party with unequal bargaining power lacks a meaningful opportunity to bargain, thus making the end result an adhesion contract. Adler, 153 Wn.2d at 348. Romney, in effect, is arguing that the agreement here is an adhesion contract. In determining whether a contract is one of adhesion, the court in Adler noted that the following factors require analysis:

> "(1) whether the contract is a standard form printed contract, (2) whether it was prepared by one party and submitted to the other on a take it or leave it basis, and (3) whether there was 'no true equality of bargaining power' between the parties."

153 Wn.2d at 347 (internal quotation marks omitted) (quoting Yakima County (W. Valley) Fire Prot. Dist. No. 12 v. City of Yakima, 122 Wn.2d 371, 393, 858 P.2d 245 (1993). The fact that a contract is an adhesion contract is relevant but not determinative. Zuver, 153 Wn.2d at 306-07. An adhesion contract is not necessarily procedurally unconscionable. Adler, 153 Wn.2d at 348. The key inquiry is whether the party lacked meaningful choice. Zuver, 153 Wn.2d at 305.

In Zuver, our Supreme Court found that an adhesion contract of employment was not procedurally unconscionable when the employee's argument rested solely on a lack of bargaining power. The court stated that more was needed:

> At minimum, an employee who asserts an arbitration agreement is procedurally unconscionable must show some evidence that the employer refused to respond to her questions or concerns, placed undue pressure on her to sign the agreement without providing her with a reasonable opportunity to consider its terms, and/or that the terms of the agreement were set forth in such a way that an average person could not understand them.

---

[4] CP at 215.

153 Wn.2d at 306-07.

Here, the arbitration clause was not buried in fine print. The employees' reliance on Brown v. MHN Gov't Servs., Inc. (MHN), 178 Wn.2d 258, 306 P.3d 948 (2013), is misplaced. Applying California law, the Brown court found that procedural surprise was present because the arbitration agreement lacked clarity as to which set of American Arbitration Association (AAA) rules governed the arbitration. In Brown, the employer, MHN, itself, changed its positions several times over which set of AAA rules applied. Further, the Brown court noted that California had ruled that procedural unconscionability may exist where rules are referenced but not attached to the arbitration agreement. 178 Wn.2d at 268 (citing Harper v. Ultimo, 113 Cal. App. 4th 1402, 1406, 7 Cal. Rptr. 3d 418 (2003)).

No such change of position or lack of clarity is present here. It is merely that these are the terms of employment, which is permitted in Washington. See also Luna v. Household Fin. Corp. III, 236 F. Supp. 2d 1166, 1175 (W.D. Wash. 2002) ("Plaintiffs must demonstrate more than that the Arbitration Rider is an adhesion contract to support a finding that it is procedurally unconscionable."). Notably, here, the employees signed multiple employment contracts that contained the arbitration agreement addendum.

The employees cite California cases holding that where an agreement to arbitrate is identified as a condition of employment, as here, the court has found them to be procedurally unconscionable. Jackson v. TIC—The Indus. Co., 2014 WL 1232215, at *6 (E.D. Cal. 2014):

> In any event, because the agreement to arbitrate was clearly identified as a condition of employment with TIC, the Court finds this

evidence of procedural unconscionability. See Armendariz [v. Found. Health Psychcare Serv., Inc.], 24 Cal.4th [83,] 114-15, 99 Cal. Rptr. 2d 745, 6 P.3d 669 [(2000)]; Martinez v. Master Protection Corp., 118 Cal. App. 4th 107, 12 Cal. Rptr. 3d 663 (2004) (finding an arbitration agreement procedurally unconscionable because it was a prerequisite of employment and the employee did not have an "opportunity to negotiate or refuse to sign the arbitration agreement").

The Jackson court noted that even where a term is found to be a contract of adhesion it "'only indicates that the agreement is somewhat procedurally unconscionable, not that it is unenforceable.'" 2014 WL 1232215, at *6 (quoting Naria v. Trover Solutions, Inc., 967 F. Supp. 2d 1332 (N.D. Cal. 2013). The court further noted:

> Here, Plaintiffs received the arbitration agreement in conjunction with their applications for employment, as well as in TIC's "Jobsite and Drug and Alcohol Policies" document. It is noteworthy also that each Plaintiff applied to and worked for TIC more than once and each time signed the application form with the above provisions and at least one time, but in some cases many times, signed the acknowledgment on the policies document indicating he/she had read the arbitration terms contained in the policies document and in the application and agreed to arbitrate claims related to the employment. . . . Given these circumstances, the suggestion that Plaintiffs were deprived by TIC of the ability to review or understand the arbitration agreement every single time they agreed to be bound by the arbitration agreement, is hard to accept.

2014 WL 1232215, at *6. The court found the agreement unconscionable only to a moderate degree.

Romney's reliance on these California cases is misplaced. California, unlike Washington, requires both procedural and substantive unconscionability to overturn an arbitration agreement. Because of this, California is more likely to find procedural unconscionability without also finding such procedure to be egregious. In other words, procedural and substantive unconscionability need not be present in the same degree and are considered on a sliding scale. Malone v. Superior Court, 226 Cal. App. 4th 1551, 1561, 173 Cal. Rptr. 3d 241 (2014); see also Ajamian v. CantorCO2e, LP, 203

Cal. App. 4th 771, 795-96, 137 Cal. Rptr. 3d 773 (2012) (without a showing of oppression or surprise the measure of procedural unconscionabilty is low and will be enforced unless the degree of substantive unconscionabilty is high).

Other states reviewing these so called adhesion employment contracts have found no procedural unconscionability. See, e.g., Melena v. Anheuser-Busch, Inc., 219 Ill.2d 135, 152, 847 N.E.2d 99, 109 (2006) (rejecting appellate court's finding that an agreement offered on a "take it or leave it" basis was unenforceable); Motsinger v. Lithia Rose-FT, Inc., 211 Or. App. 610, 615, 156 P.3d 156, 160 (2007) (arbitration agreement not product of deception or compulsion even though presented as a "take-it-or-leave-it" contract; it is nothing more than a showing of unequal bargaining power).

The key inquiry under Washington law is whether the employees lacked a meaningful choice. Here, as in other cases of employment, the employees could choose employment elsewhere. The arbitration clause is understandable and is printed in the same size font as the rest of the agreement under a bolded heading.

Romney's contention that employees had no time to consider the contract is not well taken, where, as here, the employees signed multiple employment agreements which contained the arbitration addendum. All three employees had a meaningful choice in entering the employment agreement.

Substantive Unconscionability

Substantive unconscionabilty exists when a provision in the contract is one-sided. Adler, 153 Wn.2d at 344. In determining if a contractual provision is one-sided or overly harsh, courts look at whether the provision is "'[s]hocking to the conscience,' 'monstrously harsh,' and 'exceedingly calloused.'" Adler, 153 Wn.2d at 344-45 (internal

8

quotation marks omitted) (quoting <u>Nelson v. McGoldrick</u>, 127 Wn.2d 124, 131, 896 P.2d 1258 (1995)). The terms of the agreement here are not so one-sided as to be labelled substantively unconscionable. In fact, the terms contained within the four corners of the arbitration agreement itself are mutual. Rather, the employees argue that the court should look to all provisions in the contract, including those outside the arbitration obligation to determine whether the agreement is one-sided.

<u>Injunctive and Equitable Relief</u>

The employees contend that the agreement to arbitrate is overly harsh because it requires employees to arbitrate all claims but allows FMG to seek limited relief in court. The employees cite to two exhibits in the contract: Exhibit F, entitled "**NON-COMPETITION AND NON-SOLICITATION**," and Exhibit G, entitled "**FMG SPECIFIC PROVISIONS**" of the employment contract, which permit FMG to seek injunctive relief and other remedies from a court of competent jurisdiction.[5] Exhibit F provides:

> <u>Injunctive Relief</u>. The parties agree that damages are an inadequate remedy for, and that FMG would be irreparably harmed by, any breach of this Exhibit F and that in addition to any other remedy it may have in law or equity, FMG shall be entitled to an immediate injunction or other appropriate order to restrain any breach thereof without the necessity of showing or proving any actual damage sustained thereby. The parties further agree and stipulate that the deposit in court of the sum of one hundred dollars ($100.00) shall constitute sufficient undertaking in lieu of a bond in order to obtain such an injunction or restraining order, and that said deposit is not a reflection of or an attempt to predict damages.

Exhibit G provides:

> <u>Equitable Relief</u>. The parties acknowledge and agree that, since a remedy at law for any breach or attempted breach of all the provisions of this Agreement shall be inadequate, FMG shall be entitled to injunctive and other equitable relief, including specific performance, in case of any such breach or attempted breach, in addition to such other remedies as may exist at law. The parties waive any requirement for the securing or

---

[5] CP at 66-67.

posting of any bond in connection with the obtaining of any injunctive or other equitable relief. The parties consent to exclusive jurisdiction and venue in the state and federal courts sitting in County of Pierce, State of Washington and waive any objection to the jurisdiction of, or the venue of any action instituted in, such courts.

The employees argue that while the contract requires both parties' claims in these circumstances be arbitrated, the employment contract retains FMG's right to seek injunctive relief from a court of competent jurisdiction. Addressing an arbitration agreement involving a claim of substantive unconscionabilty, our Supreme Court stated: "Washington courts have long held that mutuality of obligation means both parties are bound to perform the contract's terms—not that both parties have identical requirements." Zuver, 153 Wn.2d at 317. Rather, as the Zuver court also stated, it is "the effect of [an] arbitration provision" that determines whether it "is so one-sided and harsh that it is substantively unconscionable." 153 Wn.2d at 317 n.16, 318. In short, substantive unconscionabilty does not concern "whether the parties have mirror obligations under the agreement, but rather whether the effect of the provision is so 'one-sided' as to render it patently 'overly harsh.'" Zuver, 153 Wn.2d at 317 n.16 (quoting Shroeder, 86 Wn.2d at 256).

Neither of these clauses are at issue here. Nor do they impact the outcome of the current matter. Assuming without deciding that these clauses were unconscionable, they are easily severable from the agreement. The agreement itself provides that if any "portion of this Addendum is adjudged by any court to be void or unenforceable in whole or in part, such adjudication shall not affect the validity and enforceability of the remainder of the Addendum."[6] Because severance is the usual remedy for allegations of unconscionable provisions, and the agreement itself provides for such severability,

---

[6] CP at 64.

courts are "loath to upset the terms of an agreement and strive to give effect to the intent of the parties." Zuver, 153 Wn.2d at 320. As in McKee, we can easily give effect to the provisions of the arbitration agreement if the offending clauses were excised. 164 Wn.2d at 403. Unlike the cases cited by the employees, these provisions do not permeate the agreement.

Limitation of Right to Recover Exemplary Damages

Whenever an employer willfully and with intent to deprive an employee of any part of his or her wages, pays to that employee a lower wage than that which the employer is obligated to pay, the employee is entitled to exemplary damages of twice the amount of the wages unlawfully withheld. RCW 49.52.050(2), 070.

The arbitration agreement provides that "[u]nless otherwise required by law, the Arbitrator shall not have the authority to award You or FMG any punitive, exemplary, consequential or incidental damages."[7] The employees argue that the arbitration agreement removes their ability to recover special damages as provided by the statute. They contend that the arbitration agreement's use of the word "required" somehow lessens the impact of "shall" as used in the statute. RCW 49.52.070.[8] We disagree. See, e.g., State ex rel. Linn v. Superior Court for King County, 20 Wn.2d 138, 154, 146 P.2d 543 (1944) (word "shall" is usually imperative or mandatory); BLACK'S LAW DICTIONARY (10th ed. 2014) ("shall" means has a duty to or more broadly is required to).

It is clear that the damages the employees seek are available under the statutes upon which their claims are based and as such would also be available under the arbitration agreement.

---

[7] CP at 63.

Confidentiality

The employees contend the addendum is unconscionable under both McKee and Zuver because it requires employees to arbitrate their claims confidentially. The addendum incorporates AAA's National Rules for the Resolution of Employment Disputes. Those rules provide:

> 23. Confidentiality
>
> The arbitrator shall maintain the confidentiality of the arbitration and shall have the authority to make appropriate rulings to safeguard that confidentiality, unless the parties agree otherwise or the law provides to the contrary.

(Emphasis added.)

Confidential provisions in arbitration agreements have been upheld as an exception to the state constitutional requirement for public judicial proceedings. Barnett v. Hicks, 119 Wn.2d 151, 159, 829 P.2d 1087 (1992). Confidentiality provisions are routinely found in collective bargaining agreements. Zuver, 153 Wn.2d at 314 (citing Cole v. Burns Int'l Servs., 105 F.3d 1465, 1477 (D.C. Cir. 1997)).

In Zuver, the court found the confidentiality agreement unconscionable because

> [a]s written, the provision hampers an employee's ability to prove a pattern of discrimination or to take advantage of findings in past arbitrations. Moreover, keeping past findings secret undermines an employee's confidence in the fairness and honesty of the arbitration process and thus potentially discourages that employee from pursuing a valid discrimination claim.

153 Wn.2d at 315. In Zuver, the court found the confidentiality and remedies provisions in the employment contract to be substantively unconscionable because they excessively favored the employer and gave the employer significant legal recourse.

This is not the case here.  Moreover, in <u>Zuver</u>, the court struck the unconscionable provisions rather than finding the entire agreement invalid.  153 Wn.2d at 322.

<u>McKee</u> involved a consumer dispute and the court found the policy of confidentiality to be in direct conflict with public policy, a policy particularly important when dealing with consumers.  164 Wn.2d 398-99.

Here, the confidentiality clause is not so one-sided because it provides for a release of confidentiality when the parties otherwise agree.  FMG states it will agree to a release of the confidentiality if Romney prefers.  FMG cites to the clerk's papers as evidence that it offered to waive the confidentiality provision but the record does not bear that out.  Rather, FMG stated that it prefers confidentiality and will arbitrate on a non-confidential basis if required to do so by the court.  However, FMG's briefing before this court states that "[d]efendants have offered to agree to non-confidential arbitration."[9]  Even if the offer to release confidentiality was conditional below, FMG's briefing on appeal clearly indicates its consent to release confidentiality.

The employees equate FMG's agreement to agree to no confidentiality to a waiver of confidentiality and argue that such a waiver is not appropriate where the court finds the arbitration clause objectionable.  But here, the arbitration clause is not objectionable. It permits the parties to agree to not apply the confidentiality clause and in fact prohibits such confidentiality where the law would prohibit it.[10]

The employees argue that other intentional acts by the defendants are relevant and admissible to show motive or intent.  As such, those acts would be admissible under the rules of the AAA.

---

[9] Appellant's Br. at 29.
[10] See, e.g., RCW 43.70.510(4) (documents maintained by quality improvement committee not subject to review or disclosure except as provided in certain civil actions).

13

Fee Sharing

The addendum provides:

> You and FMG shall equally share all costs of arbitration, including the fees of the American Arbitration Association and the appointed Arbitrator, unless you prove to the Arbitrator that the costs of the arbitration would effectively prevent you from pursuing your Claim; in that case FMG would bear all costs. If you contend that the costs of arbitration would prevent you from pursuing your Claim, FMG will bear the costs of the arbitration pending the Arbitrator's determination.[11]

The employees contend that the addendum's fee-sharing provision is unconscionable under Hill v. Garda because it forces them to pay half the costs of arbitration. In Hill, the employees argued that similar provisos prevented employees from bringing claims in an arbitral forum because unions who represent the employees have no funds to pay for arbitration. 179 Wn.2d at 56. There, the provision required that "[t]he Union and the Company shall each pay one-half (1/2) of the fee charged by the arbitrator, the cost of the hearing room, the reporter's fee, per diem, and the original copy of the transcript for the arbitrator." Hill, 179 Wn.2d at 57. But this case and the other cases cited by the employees all involve mandatory fee splitting provisions.[12] Here, the arbitration clause specifically provides that where a plaintiff asserts that they cannot afford arbitration, FMG shall bear the costs of arbitration pending a determination by the arbitrator. The employees have made that claim so the arbitration will proceed with FMG bearing the costs until the arbitrator makes that determination.

Furthermore, the issue of affordability of arbitration has been addressed in several instances by this court and has been determined to be an issue that is "resolved

---

[11] CP at 63.
[12] Al-Safin v. Circuit City Stores, Inc., 394 F.3d 1254, 1261 (9th Cir. 2005); Luna v. Household Fin. Corp. III, 236 F. Supp.2d 1166, 1171-72 (W.D. Wash. 2002); Gandee, 176 Wn.2d at 602, 605; Adler, 153 Wn.2d at 338, 353; In re Checking Account Overdraft Litig., 685 F.3d 1269 (11th Cir. 2012).

case-by-case on the basis of specific, factual information rather than a per se rule." Walters v. AAA Waterproofing, Inc., 151 Wn. App. 316, 327, 211 P.3d 454 (2009).

The employees' contention that the agreement limits their right to recover attorney fees under the statute is without merit. The agreement specifically provides: "Except as otherwise required by law, each party shall bear his/her own attorneys' fees and other costs associated with any Claims between the parties."[13] Under any reading of that sentence, the employees would be entitled to attorney fees under RCW 49.52.070, which provides for an award of reasonable attorney fees and costs to a successful plaintiff-employee.

Parties Not Signatories

On appeal, the employees argue that the arbitration agreement attempts to bind other parties who are not signatories to the actual agreement. This was not addressed by the trial court below. However, for the sake of judicial economy, we address it here.

A party may consent to arbitration without signing an arbitration clause, just as a party may consent to the formation of a contract without signing a written document. Fisser v. Int'l Bank, 282 F.2d 231, 233 (2d Cir. 1960). Arbitration agreements may encompass non-signatories under contract and agency principles. Comer v. Micor, Inc., 436 F.3d 1098, 1101 (9th Cir. 2006); Powell v. Sphere Drake Ins., P.L.C., 97 Wn. App. 890, 895, 988 P.2d 12 (1999). For arbitration purposes, employees are agents of the employer if the parties intended the agreement to apply to them or if the alleged liability arises out of the same misconduct alleged against the employer. McCarthy v. Azure, 22 F.3d 351, 357-58 (1st Cir. 1994).

---

[13] CP at 63 (emphasis added).

Where claims are based on the same set of facts and inherently inseparable, the court may order arbitration of claims against the party even if that party is not a party to the arbitration agreement. Townsend v. Quadrant Corp., 153 Wn. App. 870, 889, 224 P.3d 818 (2009), aff'd on other grounds by 173 Wn.2d 451, 268 P.3d 917 (2012).

Accordingly, we reverse the trial court and remand for an order compelling arbitration.

Trickey, J

WE CONCUR:

Schindler, J

Cox, J.