
# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

|  |  |  |
|---|---|---|
| DAVID BIER, | ) | No. 75733-4-I |
| | ) | |
| Respondent, | ) | DIVISION ONE |
| | ) | |
| v. | ) | |
| | ) | |
| GOOD CHEVROLET, INC., a | ) | UNPUBLISHED |
| Washington corporation; and MICHAEL | ) | |
| NOURI and JANE DOE NOURI, and the | ) | FILED: August 21, 2017 |
| marital community comprised thereof, | ) | |
| | ) | |
| Appellants. | ) | |
| | ) | |

Cox, J. — Good Chevrolet, Inc. appeals the denial of its motion to compel arbitration in this employment discrimination case. Because David Bier fails in his burden to show that the arbitration agreement is either procedurally or substantively unconscionable, we reverse and remand with directions.

Bier previously worked for Good Chevrolet as a finance manager. Ten days after beginning there, he signed the Dealership Arbitration Agreement dated December 15, 2014 that is at issue in this appeal.

Good Chevrolet terminated his employment seven months later. After leaving, Bier commenced this action against Good Chevrolet and one of its employees. He alleged employment discrimination, wrongful termination, workplace discrimination, hostile-work environment, retaliation, and negligent infliction of emotional distress. He refused to submit these disputes to arbitration as required under the agreement.

Good Chevrolet moved to compel arbitration. The trial court denied the motion.

Good Chevrolet appeals.

## PROCEDURAL UNCONSCIONABILITY

Good Chevrolet argues that Bier has the duty under the arbitration agreement to arbitrate his claims because he fails to show that the agreement is procedurally unconscionable. We agree.

The Federal Arbitration Act (FAA) applies to all employment contracts except in narrow circumstances not relevant here.[1] Under section 2 of that act, written arbitration agreements "'shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of *any* contract.'"[2] We "indulge every presumption 'in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay, or a like defense to arbitrability.'"[3]

We review de novo a trial court's order denying arbitration.[4] The party opposing arbitration bears the burden to show that the agreement is unenforceable.[5]

---

[1] Adler v. Fred Lind Manor, 153 Wn.2d 331, 341, 103 P.3d 773 (2004).

[2] Id. (quoting 9 U.S.C. § 2).

[3] Id. at 342 (quoting Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 25, 103 S. Ct. 927, 74 L. Ed. 2d 765 (1983)).

[4] Id.

[5] Id.

2

The ordinary contract defenses of procedural or substantive unconscionability may invalidate an arbitration agreement.[6] Either defense alone is sufficient to do so.[7]

An agreement is procedurally unconscionable when it "lack[s] a meaningful choice."[8] To answer this inquiry, we examine the circumstances surrounding the transaction.[9] These include "'[t]he manner in which the contract is entered,' whether each party had 'a reasonable opportunity to understand the terms of the contract,' and whether 'the important terms [were] hidden in a maze of fine print.'"[10]

In examining these circumstances, we consider the balance of the parties' bargaining power.[11] When that balance is unequal, the contract may be one of adhesion.[12] Whether a contract is adhesive depends on three factors: "(1) whether the contract is a standard form printed contract, (2) whether it was prepared by one party and submitted to the other on a take it or leave it basis,

---

[6] McKee v. AT&T Corp., 164 Wn.2d 372, 383, 191 P.3d 845 (2008).

[7] Adler, 153 Wn.2d at 345.

[8] Romney v. Franciscan Med. Grp., 186 Wn. App. 728, 736, 349 P.3d 32 (2015).

[9] Adler, 153 Wn.2d at 345.

[10] Id. (quoting Schroeder v. Fageol Motors, Inc., 86 Wn.2d 256, 260, 544 P.2d 20 (1975)).

[11] Romney, 186 Wn. App. at 736.

[12] Id.

and (3) whether there was no true equality of bargaining power between the parties."[13]

Inequality of bargaining power alone, even if it renders the contract one of adhesion, is insufficient to render a contract procedurally unconscionable unless it deprived a party of meaningful choice.[14]

The party opposing arbitration as procedurally unconscionable bears the burden to show so.[15] He must:

> "[a]t minimum, . . . show some evidence that the employer refused to respond to her questions or concerns, placed undue pressure on her to sign the agreement without providing her with a reasonable opportunity to consider its terms, and/or that the terms of the agreement were set forth in such a way that an average person could not understand them."[16]

We review de novo arbitrability.[17] We also review de novo questions of unconscionability.[18]

Here, Good Chevrolet correctly states in its briefing the three factors that we use to determine procedural unconscionability. The third of these factors is not seriously in dispute. Specifically, the agreement to arbitrate is plainly set forth on the face page of this document. And the same page states that

---

[13] Id. (quoting Adler, 153 Wn.2d at 347).

[14] Id. at 737.

[15] Id. at 735.

[16] Id. at 737 (quoting Zuver v. Airtouch Commc'n, Inc., 153 Wn.2d 293, 306-07, 103 P.3d 753 (2004)).

[17] Id. at 735.

[18] McKee, 164 Wn.2d at 383.

4

arbitration shall be "binding."[19] Finally, the same page states in oversize bold that the signing employee, Bier, "ha[d] read [the agreement to binding arbitration and other matters] and underst[ood] that by signing this agreement, [he] and the dealership voluntarily and knowingly waive their right to bring suit in a court of law and have their claims heard by a judge or jury."[20]

Good Chevrolet further argues that the other two factors weigh in its favor. We agree.

As for the manner of entering into the contract, the record shows Bier was presented with the proposed agreement to sign shortly after starting employment. However, there is no evidence in the record to show that he lacked a meaningful choice whether to sign the agreement. That is the relevant test.[21]

For example, there is no evidence that he lacked ample opportunity either to contact counsel of his choice or discuss concerns or questions with Good Chevrolet. Moreover, as we have already observed, the arbitration terms are not hidden in a maze. Thus, there is no showing that Bier lacked a meaningful choice.

Bier's declaration in opposition to the motion to arbitrate states that he was told by Julie Eberton "You need to make [] sure [you] sign this [agreement]."[22] This alleged statement fails to meet the minimum test to show

---

[19] Clerk's Papers at 83.

[20] Id. (capitalization omitted).

[21] Zuver, 153 Wn.2d at 305-06.

[22] Clerk's Papers at 77.

5

procedural unconscionability. It fails to show that Good Chevrolet refused to respond to any questions or concerns Bier was free to ask about the agreement. It also fails to show undue pressure on him to sign or that he lacked reasonable opportunity to consider its terms.

Bier also testified in his declaration that no one at Good Chevrolet told him to take time to consider the agreement. But this argument turns the relevant test on its head. He must show that he was not given time to consider the agreement, not that the company failed to tell him to do so.

Bier relies on McKee v. AT&T Corp.,[23] which is instructive. But his reliance on that case is misplaced.

In that case, Michael McKee had subscribed for long distance phone service from AT&T.[24] Around ten days to two weeks later, AT&T may have mailed him the terms and conditions of his subscription, including an arbitration provision.[25] It retained the contractual right to unilaterally change these terms and conditions.[26] The consumer was further "deemed to have agreed to the changes by continuing to use AT&T service whether the consumer had actual

---

[23] 164 Wn.2d 372, 383, 191 P.3d 845 (2008).

[24] Id. at 378.

[25] Id. at 401-02.

[26] Id. at 402.

6

notice of the change or not."[27]  The consumer was never required to read, or sign acceptance of, the terms and conditions.[28]

Thus, the supreme court reasoned that it was unclear whether McKee had had the "reasonable opportunity to understand the terms and a meaningful choice."[29]  But the court held that the arbitration provision was substantively unconscionable and thus, it did not reach a conclusion on procedural unconscionability.[30]

Here, as in McKee, Good Chevrolet presented Bier with an arbitration agreement ten days after the parties reached their central agreement.  But the two cases are otherwise distinct.

Good Chevrolet presented Bier with the agreement to sign.  There is no evidence that he lacked the opportunity to review it.  And there is no evidence that he would have suffered adverse consequences by taking the time to review the document before signing it.  Likewise, there is no evidence that he did not have the opportunity to ask questions of the company about the agreement.  Thus, McKee simply does not support Bier's claim that the arbitration agreement is procedurally unconscionable.

---

[27] Id.

[28] Id.

[29] Id.

[30] Id.

## SUBSTANTIVE UNCONSCIONABILITY

Good Chevrolet also argues that the agreement is not substantively unconscionable. We agree.

A contract provision is substantively unconscionable when it is "overly or monstrously harsh, is one-sided, shocks the conscience, or is exceedingly calloused."[31] We apply this principle to the following five provisions in the agreement that are in dispute.

*Mutuality*

Good Chevrolet argues that the arbitration agreement applies mutually to both parties and is not one-sided.[32] We agree.

The plain words of the agreement state, in relevant part, that:

> The ***parties*** further agree that any legal or equitable claims or disputes arising out of or in connection with Employee's employment, the terms and conditions of Employee's employment, or the termination of Employee's employment, except for any claims under workers' compensation laws, whether federal or state, shall be settled by ***binding arbitration***.[33]

Here, the plain language of the arbitration agreement expressly states that binding arbitration applies to both parties. The agreement is mutual in this respect.

Bier argues that the agreement should be read otherwise because it also states that "'[t]he Agreement applies to claims or disputes against the Dealership,

---

[31] Hill v. Garda CL Nw., Inc., 179 Wn.2d 47, 55, 308 P.3d 635 (2013).

[32] Id.

[33] Clerk's Papers at 83 (emphasis added).

8

any officer or director of the Dealership individually and any co-worker or supervisor.'"[34]

This argument is unpersuasive because it is strained and inconsistent with a commonsense reading of the agreement as a whole. Moreover, it is contrary to the principle that courts will presume that arbitration is what the parties intended by this agreement.[35]

*Cost-Sharing*

Good Chevrolet next argues that the cost-sharing provision is not substantively unconscionable. We again agree.

A cost-sharing provision may be unconscionable if it "effectively prohibits employees from bringing claims in the arbitral forum."[36] This court considers affordability "case-by-case on the basis of specific, factual information."[37] The party contending that a cost-sharing provision makes arbitration unaffordable bears the burden to "show[] the likelihood of incurring such costs."[38] The party does so by filing a personal finance affidavit and some evidence of expected arbitration costs, like an average fee schedule from the American Arbitration Association.[39]

---

[34] Brief of Respondent at 7 (quoting Clerk's Papers at 92).

[35] Adler, 153 Wn.2d at 342.

[36] Hill, 179 Wn.2d at 56.

[37] Romney, 186 Wn. App. at 746 (quoting Walters v. AAA Waterproofing, Inc., 151 Wn. App. 316, 327, 211 P.3d 454 (2009)).

[38] Adler, 153 Wn.2d at 353 (quoting Green Tree Fin. Corp. v. Randolph, 531 U.S. 79, 92, 121 S. Ct. 513, 148 L. Ed. 2d 373 (2000)).

[39] Id.

Here, there is no evidence from Bier to substantiate his claim that costs and expenses would preclude him from arbitrating his dispute. On this basis alone, we may reject this argument.

In any event, he appears to claim that he cannot do so because he does not know what such costs and expenses would be. This argument is simply untenable and we reject it as unpersuasive.

We note that the agreement provides that if the employee prevails in arbitration, "costs and expenses" shall be borne by the Dealership. But if the Dealership prevails, the parties agree to split equally the costs and expenses. It is difficult to see how this provision places Bier to some disadvantage that precludes him from bringing his claim in arbitration. Accordingly, we conclude this argument is unpersuasive.

### Attorney Fees

Good Chevrolet argues that the agreement does not undermine Bier's statutory right to attorney fees. We agree.

A provision is substantively unconscionable if it "effectively undermines a plaintiff's right to attorney fees under [the Washington Law Against Discrimination] and 'helps . . . the party with a substantially stronger bargaining position and more resources, to the disadvantage of an employee needing to obtain legal assistance'"[40]

---

[40] Id. at 355 (quoting Alexander v. Anthony Int'l., L.P., 341 F.3d 256, 267 (3d Cir. 2003)).

Here, the agreement provides: "[i]f the Employee is the prevailing party, he or she shall have available all remedies provided by the statute or common law."[41]

This provision does not diminish but rather reaffirms Bier's legal entitlement to attorney fees. It unambiguously entitles the employee to appropriate remedies if he is the "prevailing party." Nothing suggests that these remedies would not include attorney fees. And the use of the term "prevailing party," a term of art often determinative of fee awards, makes clear that it includes such fees.[42]

Bier contends that the juxtaposition of this provision with other language in the agreement creates ambiguity whether attorney fees will be available. Not so.

That other language on which he relies provides that the:

Employee and the Dealership shall be entitled to representation by an attorney throughout the proceedings at his, her, or its own expense. However, if the Employee agrees not to use an attorney in the arbitration hearing, the Dealership shall forego its right to use an attorney in the arbitration hearing.[43]

This provision merely recognizes that Bier may elect to employ an attorney. Nothing is misleading about requiring that he pay for counsel if he chooses to do so. And the language obligating the dealership to forego counsel if the employee elects to do so does not require the employee to waive any right.

---

[41] Clerk's Papers at 83.

[42] See e.g., Andersen v. Gold Seal Vineyards, Inc., 81 Wn.2d 863, 867-68, 505 P.2d 790 (1973).

[43] Clerk's Papers at 83.

11

Further, nothing in this second quoted provision is relevant to either party's entitlement to an award of attorney fees against the other party.

*Reference to a Prior Statute*

Good Chevrolet argues that reference to a prior and repealed statute, RCW 7.04.010 et seq., does not render the agreement substantively unconscionable. We agree.

The District Court for the Western District of Washington considered the same issue in <u>Brooks v. Robert Larson Automotive Group</u>.[44] There, the court held that "reference to a prior statute does not invalidate the arbitration agreement."[45] Although the statute was no longer legally binding, parties could still negotiate to apply it by contractual provision.[46]

Here, the parties did just that, structuring arbitration in accordance with that former RCW 7.04.010 et seq. <u>Brooks</u> is dispositive in its reasoning and we apply it here.

But Bier argues that RCW 7.04A.030(4) excludes employment disputes from arbitration. The <u>Brooks</u> court addressed the same contention and its reasoning is also dispositive here.

Under RCW 7.04A.030(4), RCW 7.04.010 et seq. does "not apply to any arbitration agreement between employers and employees." The court reasoned

---

[44] No. C09-5016 FDB, 2009 WL 2853452 (W.D. Wash. Sept. 1, 2009).

[45] <u>Id.</u> at *2.

[46] <u>Id.</u>

that this applied to mandatory statutory arbitration.[47] It was "no prohibition of contractual arbitration of employment disputes."[48]

Here, the parties agreed to the application of this statute, and nothing in the statutory text bars them from doing so.

### *Arbitrator's Discretion*

Good Chevrolet argues that the discretion afforded the arbitrator does not render the agreement substantively unconscionable. We agree.

As stated above, an arbitration agreement is substantively unconscionable when it is one-sided or overly harsh.[49]

Here, the agreement allows "the arbitrator [to] provide for discovery including, but not limited to, requests for information, depositions, and requests for production. However, the arbitrator shall also have the authority to coordinate and limit discovery as appropriate."[50]

This provision is not substantively unconscionable for two reasons. First, without dispute, it is not one-sided. Both parties will share in its effect. Second, Bier provides no argument why it is overly harsh. It affords discretion to a retired state or federal judge chosen by consent of both parties. Such an arbitrator can presumably exercise proper discretion.

---

[47] Brooks, 2009 WL 2853452 at *2.

[48] Id.

[49] Hill, 179 Wn.2d at 55.

[50] Clerk's Papers at 83.

13

The methods of discovery allowed are the same as those listed under CR 26(a). And the authority to coordinate and limit discovery is similar to that afforded under CR 26(f).

Bier contends that the arbitrator's "broad discretion undermines [his] ability to effectively pursue and support his claims." This argument is purely speculative. Because this court must presume in favor of arbitration, we reject this argument.[51]

Bier also argues that the agreement deprives him of discovery remedies. Discovery is generally limited in arbitration. But the arbitrator may allow limited discovery and, presumably, has the power to provide remedies to ensure limited discovery is provided. For these reasons, this argument is unpersuasive.

We reverse the Order Denying Defendants' Motion to Compel Arbitration and remand with directions that the trial court stay this action and direct arbitration.

_Cox, J._

WE CONCUR:

_Trickey, A.C.J._          _Pelevrelle, J._

---

[51] Romney, 186 Wn. App. at 734.